```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
NEIL BINDER,                                               :
                                                           :
                              Plaintiff,                   :
                                                           :       22-CV-2528 (VSB)
                   - against -                             :
                                                           :       OPINION & ORDER
                                                           :
CAPITAL ONE BANK, N.A.,                                    :
                                                           :
                              Defendant.                   :
                                                           :
-----------------------------------------------------------X
```

Appearances:

Neil Binder
New York, NY
*Pro se Plaintiff*

Philip A. Goldstein
Seth A. Schaeffer
McGuireWoods LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff Neil Binder's motion for reconsideration of my Opinion & Order dismissing this action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (*See* Doc. 37 ("Op.").) For the reasons that follow, the motion is DENIED.

    **I.**    **Background**

      I assume the parties' familiarity with the relevant facts and procedural history, which are detailed in my March 23, 2024 Opinion & Order. (*See* Op.) *See Binder v. Cap. One Bank, N.A.*, No. 22-CV-2528, 2024 WL 1329173 (S.D.N.Y. Mar. 28, 2024). The instant action relates to Plaintiff's default on a commercial loan owed to Defendant Capital One Bank, N.A. ("Capital

One"). *Binder*, 2024 WL 1329173, at *1–2. Following the default, Plaintiff, Defendant, and non-party FAWBS, Inc. ("FAWBS") entered into a settlement agreement. *Id*. "At the time the Settlement Agreement was signed, Plaintiff owned 50% of FAWBS outstanding shares and received monthly distributions from the company's net earnings." *Id*. at *1. Under the agreement, Plaintiff would send Defendant a monthly payment, and FAWBS would send a portion of Plaintiff's monthly disbursements directly to Defendant in satisfaction of Plaintiff's remaining loan obligations. *Id*. at *1–2. After Plaintiff defaulted on the settlement payments, Defendant sued FAWBS in New Jersey state court, obtaining a judgment that FAWBS disburse the entirety of its monthly obligations to Plaintiff directly to Defendant. *Id*. I dismissed Plaintiff's complaint—which alleged that Defendant had breached the settlement agreement—for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which bars federal lawsuits challenging unfavorable state-court judgments. *Id*. at *4–5; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (explaining *Rooker-Feldman* doctrine); *Boyd v. Wells Fargo Bank, N.A.*, No. 19-CV-4323, 2021 WL 1812660, at *6 (E.D.N.Y. May 6, 2021) (applying doctrine to similar case).

On April 4, 2024, Plaintiff filed a motion for reconsideration of my March 23, 2024 Opinion & Order. (Doc. 38 ("Mot.").) On April 16, 2024, Defendant filed a memorandum of law in opposition to the motion, (Doc. 39 ("Opp'n")), along with a supporting declaration, (Doc. 40 ("Golstein Decl.")). Plaintiff did not file a reply or seek additional time within which to file a reply.

## II. Legal Standard

Local Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b) each authorize a form of reconsideration of a prior order or judgment and are governed by the same standard. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014),

*aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). "A motion for reconsideration" under any of these Rules "should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). A party may not use a motion for reconsideration as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). In addition, "a party is 'barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.'" *Berg v. Kelly*, 343 F. Supp. 3d 419, 424 (S.D.N.Y. 2018) (quoting *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013)). "[T]he 'reconsideration rule' must be 'narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues.'" *Berg*, 343 F. Supp. 3d at 424 (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)).

"Courts afford a special solicitude to motions brought by *pro se* litigants, including motions for reconsideration." *Weir v. Montefiore Med. Ctr.*, No. 23-CV-4468, 2024 WL 2049411, at *3 (S.D.N.Y. May 6, 2024) (citing *Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)), *aff'd*, No. 24-1527, 2025 WL 289497 (2d Cir. Jan. 24, 2025). Pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "That said, this solicitude does not 'excuse frivolous or vexatious filings by *pro*

3

*se* litigants,' nor does it require the Court to raise 'arguments that the submissions themselves do not suggest.'" *Weir*, 2024 WL 2049411, at *3 (first quoting *Iwachiw* v. *N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005), then quoting *Triestman* v. *Fed. Bur. of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

### III.   Discussion

Plaintiff's various arguments fail to satisfy the standard for reconsideration.  He first asserts that *Rooker-Feldman* should not have applied because he was not a party to the New Jersey litigation.  (Mot. ¶ 3.)  The Second Circuit has observed that a party may satisfy the "state-court loser[]" requirement of *Rooker-Feldman* under an "alter ego" theory, that is, if the party "seek[s] to stand in the shoes of a state-court loser even though they were not formally a party to the state action." *Kosachuk v. Selective Advisors Grp., LLC*, 827 F. App'x 58, 61 (2d Cir. 2020) (citing *Lance v. Dennis*, 546 U.S. 459, 466 n.2 (2006)).  As I stated previously, in the state-court litigation, "Plaintiff requested to and did provide sworn testimony during the hearing on Capital One's motion for summary judgment[, and] filed a certification . . . arguing that Capital One's claims were frivolous, [and] made many of the same arguments he makes here." *Binder*, 2024 WL 1329173, at *4.  Plaintiff also "admitted that he was both a 50% Stockholder and Vice President of [FAWBS,] and . . . directed [FAWBS] to make no payments to Capital One." *Id*.  Thus, for purposes of the first requirement of *Rooker-Feldman*, Plaintiff is FAWBS's alter-ego.  Plaintiff admitted during the state-court hearing that he directed FAWBS not to pay Capital One because he "was desperate to try to keep this thing [his financial situation] under control."  (Doc. 19-6 ("Hr'g Tr.") at 21:15-16.)  This "mingling of the operations of [FAWBS] and its owner," Plaintiff, indicates that for purposes of this litigation, FAWBS "simply functioned as the facade" for Plaintiff's interests. *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176–77 (2d Cir. 2008) (internal quotation marks omitted); *see also Kosachuk*, 827 F. App'x

4

at 61 (suggesting that a plaintiff in federal court who was the "founder and sole manager" of corporation sued in state court and who "was actively engaged in the [state-court] litigations and filed numerous affidavits on [the corporation's] behalf" was the corporation's "alter ego" for *Rooker-Feldman* purposes). Plaintiff's argument therefore does not entitle him to reconsideration.

Next, Plaintiff argues that because the terms of the parties' settlement agreement required "that any dispute be resolved solely in New York State courts under New York State laws," the New Jersey court "lacked jurisdiction" to find that "Plaintiff's debt was in default." (Mot. ¶ 5; *see also id*. ¶¶ 11–17.) As discussed in my prior Opinion & Order, the *Rooker-Feldman* doctrine precludes consideration of this argument. *See Binder*, 2024 WL 1329173, at *4. Moreover, the argument is not grounds for reconsideration, as it simply recycles Plaintiff's previous argument. (*See* Doc. 21 ¶¶ 20–25.) *See, e.g.*, *Analytical Survs.*, 684 F.3d at 52. Even if I were to consider this argument on the merits, I would reject it, because "forum selection clauses . . . have no bearing on a court's subject matter jurisdiction." *Rabinowitz v. Kelman*, 75 F.4th 73, 79 (2d Cir. 2023); *see also id*. ("As the Supreme Court has observed, the notion that forum selection clauses 'tend to "oust" a court of jurisdiction is hardly more than a vestigial legal fiction.'" (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972))).

Finally, Plaintiff asserts that permitting the New Jersey judgment to stand would deny him due process because he "was not permitted to speak as the Debtor nor was he entitled to present evidence justifying the actions that Plaintiff asserts were consistent with the Settlement Agreement." (Mot. ¶¶ 6, 18–21.) This argument is also duplicative of Plaintiff's prior arguments. (*See* Doc. 21 ¶ 19 ("[T]he Court cannot make an informed judgment regarding a default on the debt without input from the Plaintiff. To do otherwise would be a denial of due

5

process for the Plaintiff.").)  I therefore may not consider it on a motion for reconsideration.  *See, e.g.*, *Analytical Survs.*, 684 F.3d at 52.  Further, as discussed above and in my prior Opinion & Order, *see Binder*, 2024 WL 1329173, at *4, Plaintiff participated extensively in the state-court action, including submitting a certification as the "Vice President of FAWBS"—the defendant in that litigation—and participating in an extensive on-the-record colloquy with the presiding judge.  (*See* Doc. 19-7; Hr'g Tr. 20:14–28:25.)  The presiding judge specifically explained to Plaintiff that the written language of the underlying settlement agreement did not correspond to Plaintiff's understanding, (Hr'g Tr. 25:4-11), and that the "parol evidence rule"—which the judge explained in terms a non-lawyer could understand—prevented the court from considering the extrinsic evidence that Plaintiff sought to submit, (*id*. 26:17-24).  Far from a denial, the state-court proceedings afforded Plaintiff the "fundamental requirement of due process[—]the opportunity to be heard."  *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (internal quotation marks omitted).  "Due process rights do not ensure that an individual will have an unconditional right to prevail."  *Baxton v. Artus*, No. 13-CV-6635, 2015 WL 8958773, at *3 (W.D.N.Y. Dec. 15, 2015).  Reconsideration is not warranted on this ground.

## IV. **Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to Plaintiff at the address on file.

SO ORDERED.

Dated: April 30, 2025
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge